1
2
3
4
5
6

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

7
8

| | |
|---|---|
| Cheyenne Lukas Murphy, | No. CV-20-00066-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Centurion of Arizona LLC, | |
| Defendant. | |

15     On February 7, 2020, Plaintiff Cheyenne Lukas Murphy, who is currently confined in the Pima Cunty Adult Detention Center, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1).  Defendant Centurion of Arizona LLC filed an Answer on June 22, 2020 (Doc. 12).

     This action is designated as a Detainee Track case and is governed by Rule 16.2(b)(2) of the Local Rules of Civil Procedure ("LRCiv").  This proceeding is exempt from the requirements of initial disclosures and discovery plans pursuant to Rule 26(a)(1)(B) and 26(f) of the Federal Rules of Civil Procedure.

     The Court takes the following action in an effort to reach a just adjudication of Plaintiff's Complaint.

     **IT IS HEREBY ORDERED**:

1.     If they so choose, counsel for Defendants shall depose Plaintiff, at Defendant's expense, on or before **September 22, 2020**.  Leave of Court for taking such deposition is granted pursuant to Rule 30(a)(2) of the

Federal Rules of Civil Procedure.   The deposition may be taken by telephone at the option of Defendants.

2.   All parties are granted until **August 24, 2020** to move to **join** additional parties or to move to **amend** their pleadings.   Amended pleadings must comply with Fed. R. Civ. P. 15.

3.   The parties shall disclose all expert witnesses, if any, and their Rule 26(a)(2)(B) reports by **October 2, 2020**.   Disclosure of rebuttal expert testimony, if any, shall be completed no later than **October 22, 2020**. Rebuttal experts shall be limited to responding to opinions stated by initial experts.

4.   The parties shall disclose a **witness list** on or before **October 22, 2020**.   On or before that date, the parties are directed to exchange their complete list of witnesses.

5.   All **discovery**, including depositions of parties (other than the plaintiff), witnesses and experts shall be completed by **November 20, 2020**.   No discovery shall take place after that date without leave of Court upon good cause shown.   Responses to discovery must be served within the time provided by the rules unless the parties stipulate otherwise.

   a.   Pursuant to LRCiv 5.2, the parties shall file a Notice of Service of discovery papers with the Clerk of the Court, rather than copies of actual disclosures.

   b.   Notwithstanding LRCiv. 7.3, the parties may mutually agree in writing, without court approval, to extend the time provided for discovery responses in Fed. R. Civ. P. 33, 34, and 36, but such agreed-upon extensions shall not alter or extend the deadlines set forth in this Order.

   c.   The parties shall not file written discovery motions without leave of Court.   In the event of a dispute over discovery matters, the parties

must engage in personal consultation regarding the dispute and must make a sincere effort to resolve the conflict expeditiously.  *See* LRCiv 7.2(j).  If a discovery dispute cannot be resolved despite the party's sincere efforts, either party may file a request for a telephonic conference or for permission to file a written discovery motion; such a request must specify the results of the parties' personal consultation and the matter(s) remaining in dispute.

d.    This order contemplates that each party will conduct discovery in such a manner to complete, within the deadline, any and all discovery.  "Last minute" or "eleventh hour" discovery which results in insufficient time to undertake additional discovery and which requires an extension of the discovery deadline will be met with disfavor, and could result in denial of an extension, exclusion of evidence, and/or the imposition of other sanctions.

6.    **Limits on Discovery**: Discovery requests shall be limited to the following:

a.    **Interrogatories:** No more than 25 (including subparts) by each party to any other party.

b.    **Requests for Production of Documents:** No more than 15 from each party to any other party.

c.    **Requests for Admission:** No more than 10 from each party to any other party.

7.    **Dispositive motions addressing exhaustion of administrative remedies under the Prison Litigation Reform Act** shall be filed on or before **August 24, 2020**.  **Dispositive motions addressing the merits of Plaintiff's claims** shall be filed on or before **December 21, 2020**.  Each party may file only one dispositive motion addressing exhaustion and only one dispositive motion addressing the merits of Plaintiff's claims.

a.    If a party seeks oral argument on a motion, he shall request it at the

time the motion or responses are filed, pursuant to L.R.Civ. 7.2(f).

b.     Pursuant to LRCiv 7.2 and LRCiv 56.1, parties may file a motion, response, and reply. No additional briefing on a motion is allowed unless leave of Court is granted. Failure to file a response may be deemed a consent to a granting of the motion. *See* LRCiv 7.2(i). A response must be served and filed within fourteen (14) days of service of the motion; the moving party has seven (7) days from service of the response to serve and file a reply. *See* LRCiv 7.2(c)-(d). Rule 56 motions for summary judgment and Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction provide an exception to the above time limits: the time for a response is 30 days and the time for a reply is 15 days. *See* LRCiv 56.1(d). Unless otherwise permitted by the Court, a motion or response, inclusive of supporting memorandum but exclusive of attachments and statement of facts, shall not exceed 17 pages; a reply shall not exceed 11 pages. *See* LRCiv 7.2(e).

c.     Any filing which is submitted with more than one exhibit must be accompanied by a Table of Contents. The exhibits must be indexed with tabs that correspond to the Table of Contents. Absent exigent circumstances, the Court will not consider filings which do not conform to these requirements.

8.     The parties are directed to submit a jointly prepared letter regarding the **status of settlement** by **November 16, 2020**. The letter shall contain no specific terms of settlement proposals.

9.     Parties and counsel shall file a **Joint Proposed Pretrial Order within thirty (30) days after resolution of the dispositive motions** filed after the end of discovery. If no such motions are filed, a Joint Proposed Pretrial Order will be due on or before **January 5, 2021**. The content of the

proposed pretrial order shall include, but not be limited to, that prescribed in the **Form of Pretrial Order attached hereto**.  If the parties and counsel are unable to prepare a joint proposed pretrial order, a separate proposed pretrial order shall be submitted to the Court accompanied by a statement why the preparation of the joint proposed pretrial order could not be completed through written correspondence.

      a.      Pursuant to Fed. R. Civ. P. 37(c), the Court will not allow the parties to offer any exhibits, witnesses or other information that were not previously disclosed in accordance with the provisions of this Order and the Federal Rules of Civil Procedure, or not listed in the Proposed Pretrial Order, except for good cause.

10.      Motions for extensions of any of the deadlines set forth above must be filed prior to the expiration of the deadline that the movant seeks to extend.  The schedule set forth in this Order may only be modified with leave of Court and upon a showing of good cause.  *See* Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-10 (9th Cir. 1992) (requiring a showing of good cause under Rule 16 to amend complaint beyond scheduling order deadline).

. . . .
. . . .
. . . .
. . . .
. . . .
. . . .
. . . .
. . . .
. . . .
. . . .

The parties should note that willful failure to comply with any of the terms of this Order, the Federal Rules of Civil Procedure or other applicable rules may result in dismissal of this action without further notice to Plaintiff, or sanctions upon Defendant. *See Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992), *cert. denied*, 506 U.S. 915 (1992). Plaintiff is cautioned to comply with all applicable rules of civil procedure; his *pro se* status will not excuse his noncompliance.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

Dated this 24th day of June, 2020.

_____
Honorable Rosemary Márquez
United States District Judge

- 6 -

1

2

3

4

5          IN THE UNITED STATES DISTRICT COURT

6              FOR THE DISTRICT OF ARIZONA

7

8    ,                                          No.

9                        Plaintiff,
                                                **JOINT PROPOSED FINAL**
10   v.                                         **PRETRIAL ORDER**

11   ,

12                       Defendant.

13          The following is the Joint Proposed Final Pretrial Order to be considered at the

14   Final Pretrial Conference.

15   **A.    TRIAL COUNSEL FOR THE PARTIES (IF APPLICABLE)**

16          Plaintiff(s):

17          Defendant(s):

18          Include mailing addresses, office phone numbers, fax numbers, and email

19          addresses.

20   **B.    STATEMENT OF JURISDICTION**

21          Cite the statute(s) that gives the Court jurisdiction, and whether jurisdiction is

22          disputed.

23                (*E.g.*: Jurisdiction in this case is based on diversity of citizenship under

24                Title 28 U.S.C. § 1332.  Jurisdiction is (not) disputed.)

25   **C.    STIPULATIONS AND UNCONTESTED FACTS AND LAW**

26          1.  List all material facts that are admitted by the parties and will require no

27              proof.

28          2.  List all material facts that, although not admitted, will not be contested at

trial by evidence to the contrary.

      3.  List all issues of law that are uncontested and stipulated to by the parties.

**D.    CONTESTED ISSUES OF FACT AND LAW**

      1.  List all material issues of fact to be tried and decided, stating each issue of fact separately and setting forth, in specific terms, each party's contention with respect to the issue of fact.

           (*E.g.*: Factual Issue # 1: Whether Plaintiff used due care in crossing the road.

           Plaintiff Contends: Plaintiff looked both ways before crossing the street…. Defendant Contends: Plaintiff ran into the street without looking….)

      2.  List all issues of law to be determined, stating each issue of law separately and setting forth, in specific terms, each party's contention with respect to the issue of law.

           (*E.g.*: Legal Issue # 1: Whether Plaintiff's suit is barred by the doctrine of laches.  Plaintiff Contends:…. Defendant Contends:….)

**E.    LISTS OF WITNESSES**

Each party shall separately list the names (and, if not previously disclosed, the telephone numbers and addresses) of witnesses, separately identifying those that the party expects to present at trial and those it may call if the need arises.  For each witness, state whether the witness is a fact or expert witness and provide a brief description of the witness's testimony.

**F.    LISTS OF EXHIBITS**

      1.  Provide a numbered list of all exhibits that the parties agree are admissible in evidence.  List Plaintiff's and Defendant's exhibits separately, provide sufficient information to identify the exhibit, and separately identify those items that the party expects to offer and those it may offer if the need arises.

2. Provide a numbered list of all exhibits for which the parties have reached stipulations, including a brief description of the stipulation reached. List Plaintiff's and Defendant's exhibits separately, provide sufficient information to identify the exhibit, and separately identify those items that the party expects to offer and those it may offer if the need arises.

3. Provide a numbered list of all exhibits objected to by the party against whom the exhibit is to be offered. List Plaintiff's and Defendant's exhibits separately, provide sufficient information to identify the exhibit, and separately identify those items that the party expects to offer and those it may offer if the need arises.

(*E.g.*: Plaintiff's Exhibit 1 – City Hospital records of Plaintiff from March 1, 2010 to March 22, 2010. Plaintiff expects to offer exhibit at trial. Defendant objects for lack of foundation because…. (the objection must specify the grounds for the objection.))

4. The parties shall include the following text in this section of the Proposed Final Pretrial Order: "Each party hereby acknowledges by signing this Joint Proposed Final Pretrial Order that any objections to exhibits not specifically raised herein are waived."

## G.     DEPOSITIONS TO BE OFFERED

1. List the depositions that may be used at trial, identifying by page and line number the portions that will be read or submitted and whether any such portions are objected to. If the party against whom a deposition will be offered objects to the use of any portion of the deposition, succinctly state the grounds for the objection and the offering party's position. Additionally, the party offering the deposition shall provide the Court with a hard copy of the offered deposition testimony. The offering party shall highlight, in color, the portions of the deposition to be offered. If multiple

parties are offering the same deposition, only one copy of such deposition shall be provided, and such copy shall contain each party's highlighting (each party should use a different color).

2. The parties shall include the following text in this section of the Joint Proposed Final Pretrial Order: "Each party hereby acknowledges by signing this Joint Proposed Final Pretrial Order that any deposition not listed as provided herein will not be allowed, absent good cause, and that any objections not specifically raised herein are waived."

**H. MOTIONS *IN LIMINE* AND *DAUBERT* MOTIONS**

Motions *in limine* and *Daubert* motions shall be filed separately in accordance with the instructions contained in the Order Setting Final Pretrial Conference.

**I. LIST OF ANY PENDING MOTIONS**

List all pending motions, if any.

**J. ESTIMATED LENGTH OF TRIAL**

___ hours for opening statements

___ hours for Plaintiff's case

___ hours for Defendant's case

___ hours for rebuttal

___ hours for closing arguments

**K. FOR A BENCH TRIAL**

Proposed findings of fact and conclusions of law shall be filed by each party in accordance with the instructions contained in the Order Setting Final Pretrial Conference.

**L. FOR A JURY TRIAL**

A stipulated description of the case, proposed *voir dire* questions, proposed jury instructions, and proposed forms of verdict shall be filed in accordance with the instructions contained in the Order Setting Final Pretrial Conference.

- 4 -

**M.     CERTIFICATION**

The undersigned do hereby certify and acknowledge the following:

1.  All discovery has been completed.

2.  The identity of each witness has been disclosed to the opposing party.

3.  Each exhibit listed herein: (a) is in existence; (b) is numbered, and (c) has been disclosed and shown to the opposing party.

4.  The parties have made all of the disclosures required by the Federal Rules of Civil Procedure (unless otherwise previously ordered to the contrary).

5.  The parties acknowledge that once this Joint Proposed Final Pretrial Order has been signed and lodged by the parties, no amendments to this Order can be made without leave of Court.

**N.     ADOPTION**

The Court may adopt this Proposed Joint Final Pretrial Order at the Final Pre-Trial Conference or subsequent hearing.

DATED this _____ day of _____, 20__.

**APPROVED AS TO FORM AND CONTENT**

_____            _____

Plaintiff (or Attorney for Plaintiff)            Attorney for Defendant(s)