**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Douglas Sanders,                          )
                                          )
            Plaintiff,                    )
                                          )     No.  CV 19-470-TUC-CKJ
vs.                                       )
                                          )
Joseph Tirello, ZBS Law, LLP, Selene      )        **ORDER**
Finance, U.S. National Bank               )
Association, as Trustee of SW REMIC       )
Trust 2015-1,                             )
                                          )
            Defendants.                   )
                                          )

        Pending before the Court is the Motion to Dismiss Plaintiff's Complaint (Doc. 5)
filed by U.S. Bank National Association, as Trustee of SW REMIC Trust 2015-1 ("US
Bank").[1] Plaintiff Douglas Sanders ("Sanders") has filed a Response (Docs. 10, 15), U.S.
Bank has filed a Reply (Doc. 11, 16), and Sanders has filed a sur-reply (Doc. 18).  Also
pending before the Court are the Motion for Extension of Time to File an Answer (Doc.
6) filed by Selene Finance ("Selene Finance"), Joseph Tirello ("Tirello"), and ZBS Law,
LLP ("ZBS Law"), the Motion to File Last Page of Lawsuit (Doc. 17) filed by Sanders,
and the Motion for Discovery (Doc. 32) filed by Sanders.

        Additionally, Finance, Tirello, and ZBS Law have filed a Joinder to the Motion to
Dismiss and its Reply (Doc 12). Similarly, Rushmore Loan Management Services, LLC
("Rushmore") has filed a Motion to Quash Service and Joinder to Motion to Dismiss

---

[1]The Court will direct the Clerk of Court to change the caption to reflect the true name
of U.S. National Bank as Trustee of SW REMIC 2015-1 as U.S. Bank National Association, as
Trustee of SW REMIC Trust 2015-1.

(Doc. 22).  Responses (Doc. 13, 23) and replies (Doc. 14, 25) have been filed.

I. *Procedural History*

Sanders filed a complaint on September 26, 2019, against Tirello, ZBS Law, Selene Finance, and U.S. Bank.  The complaint alleges Sanders owns the property at 10613 S. Blackhawk Ridge Place, Vail, Arizona 85641 ("the Property" or "the Home"), and that others purport to have ownership of Sanders' mortgage note ("the Note") and/or the Deed of Trust ("the Deed").   The complaint further alleges ZBS Law is the corporation responsible for the damages inflicted as described in the complaint, Tirello is a participant in the imperfect securitization of the Note, Selene Finance is operating as a servicer, and US Bank is the master servicer for a securitzed trust and/or is a participant in the imperfect securization of the Note.

The complaint summarizes:

[Sanders], homeowner, disputes the title and ownership of the real property in question (the "Home"), which is the subject of this action, in that the originating mortgage lender, and others alleged to have ownership of [Sanders'] mortgage note and/or Deed of Trust, have unlawfully sold, assigned and/or transferred their ownership and security interest in a Promissory Note and Deed of Trust related to the Property, and, thus, do not have lawful ownership or a security interest in [Sanders'] Home . . .

Complaint, p. 3 (Doc. 1).  Sanders alleges:

43.   In order for the Trustee of the Securitized Trust to have a valid and enforceable secured claim against [Sanders's] Home, the Trustee must prove and certify to all parties that, among other things required under the [Pooling and Servicing Agreement ("PSA")]:

a. There was a complete and unbroken chain of endorsements and transfers of the Note from and to each party to the securitization transaction (which should be from the (A) Mortgage Originator to the (B) Sponsor to the (C) Depositor to the (D) Trust/Trustee, and that all of these endorsements and transfers were completed prior to the Turst closing dates . . . ; and

b. The Trustee of the Securitized Trust had the actual physical possession of the Note at that point in time, when all endorsements and assignments had been completed.  Absent such proof, [Sanders] alleges that the Trust cannot demonstrate that it had perfected its security interest in Plaintiff's Home that is the subject of this action.  Therefore, if the Defendants, and each of them, did not hold and possess the Note on or before the closing date of the Trust herein, they are estopped and precluded from asserting any secured or unsecured claim in this case.

*Id.* at 8-9.  Sanders asserts none of the parties to the securitization transaction and none of the Defendants in this case hold a perfected and secured claim in the Property.

The complaint seeks to state the following claims for relief:[2]

Count I:  Lack of Standing to Foreclose

Count II:  Fraud in the Concealment

Count III:  Fraud in the Inducement

Count IV:  Intentional infliction of Emotional Distress

Count V:  Slander of Title

Count VI:  Quiet Title

Count VII:  Declaratory Relief

Count VIII:  Violations of TILA

Count IX:  Violations of RESPA

Count X:  Rescission

On October 17, 2019, US Bank, not in its Individual capacity but solely as Trustee of SW REMIC Trust 2015-1, filed  a Motion to Dismiss Plaintiff's Complaint (Doc. 5). Additionally, attached to the Motion to Dismiss is a Request for Judicial Notice (Doc. 5-1).  Sanders has filed a response (Docs. 10, 15) and US Bank has filed a reply (Docs. 11, 16).  Sanders has filed a sur-reply (Doc. 18).[3]

Selene Finance, ZBS Law, and Tirello filed a Notice of Joinder in the motion and reply (Doc. 12).  Sanders objects to this joinder (Doc. 13); Selene Finance, ZBS Law, and Tirello have responded to the objection (Doc. 14).

On December 23, 2019, Sanders filed a Motion for Admission of Last Page of

---

[2]The caption of the Complaint includes a list of claims.  This list does not repeat the claims as stated in the body of the Complaint.  The Court has numbered the claims as set forth in the body of the Complaint.

[3]Although the local rules do not provide for the filing of a sur-reply, LRCiv 7.2, and Sanders has not requested leave to file a sur-reply, the Court has considered and, where appropriate, discussed the issues raised in the document.

Lawsuit (Doc. 17).

On January 22, 2020, Sanders filed a Notice of Joinder.[4]  This document states:

> [Sanders] before this court by special appearance, and hereby notice to joinder, motion to joinder and add the above parties to this case before the court on record: . . . Rushmore Loan Management Services, LLC[.]

Notice of Joinder, p. 2 (Doc. 19).  The Notice of Joinder includes Rushmore Loan Management Services, LLC ("Rushmore") in the caption.  A February 21, 2020, Proof of Service (Doc. 20) states the original complaint (Doc. 1) and Sanders' Notice of Joinder (Doc. 19) were served on US Bank and Rushmore.

On March 19, 2020, Rushmore filed a Motion to Quash Service and Joinder to Motion to Dismiss (Doc. 22).

On June 10, 2020, Sanders filed a Motion for Discovery (Doc. 32).

II. *Motion for Extension of Time to File an Answer (Doc. 6)*

As Finance, Tirello, and ZBS Law  have joined in the Motion to Dismiss (Doc. 12) the Court will deny this motion as moot.  *See* Fed.R.Civ.P. 12(a)(4).

III. *Motion to File Last Page of Lawsuit* (Doc. 17)

Sanders seeks to add the last page of his complaint and a copy of a June 21, 2016, Notice of Trustee's Sale to his complaint.  The Court will grant the request.

IV. *Complaint and Plausibility Pleading Standard*

A complaint is to contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed.R.Civ.P. 8(a).  A complaint must set forth a set of facts that serves to put defendants on notice as to the nature and basis of the claim(s).

---

[4]The Clerk of Court has docketed this document as a Request for Jury Trial Reserve the Right to Amend.  *See* LRCiv 7.1(a)(3) ("In the space to the right of the center there must be inserted . . . a brief description of the nature of the document[.]"); LRCiv 7.1(a)(3) n. 3, App. C. However, the Court will refer to this document as a Notice of Joinder.

The United States Supreme Court has found that a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level." *Id*. at 555; *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss[.]"). Further, Fed.R.Civ.P. 8(a)(2) requires a showing that a plaintiff is entitled to relief "rather than a blanket assertion" of entitlement to relief. *Twombley*, 127 S.Ct. at 1965 n. 3. The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right to action." *Id*. at 1965.

In considering a motion to dismiss, the Court considers a complaint in light of *Twombly* and must determine if a plaintiff has "nudge[d] [the] claims across the line from conceivable to plausible." *Id*. at 570. The Court also considers that the Supreme Court has cited *Twombly* for the traditional proposition that "[s]pecific facts are not necessary [for a pleading that satisfies Rule 8(a)(2)]; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardue*, 551 U.S. 89, 93 (2007). Indeed, *Twombly* requires "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir. 2007); *see also Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009) (for a complaint to survive a motion to dismiss, the non-conclusory "factual content," and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief).

When a court is considering a motion to dismiss, allegations that are mere conclusions are not entitled to the assumption of truth if unsupported by factual allegations that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663-64 (2009). This

Court must take as true all allegations of material fact and construe them in the light most favorable to a plaintiff. *See Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003). In general, a complaint is construed favorably to the pleader. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds*, 457 U.S. 800. Nonetheless, the Court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Furthermore, the Court is not to serve as an advocate of a *pro se* litigant, *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), in attempting to decipher a complaint.

If a court determines that dismissal is appropriate, a plaintiff must be given at least one chance to amend a complaint when a more carefully drafted complaint *might* state a claim. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991). Moreover, when dismissing with leave to amend, a court is to provide reasons for the dismissal so a plaintiff can make an intelligent decision whether to file an amended complaint. *See Bonanno v. Thomas*, 309 F.2d 320 (9th Cir. 1962); *Eldridge v. Block*, 832 F.2d 1132 (9th Cir. 1987).

V. *Request for Judicial Notice* (Doc. 5-1)

A court must normally convert a Rule 12(b)(6) motion into a Rule 56 motion for summary judgment if it "considers evidence outside the pleadings . . . A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir.2003); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (a court may consider "other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"); *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir.1994) (noting that a court may consider a document whose contents are alleged in a complaint, so long

as no party disputes its authenticity), *overruled on other grounds*.

Indeed, a court may take judicial notice of material that is submitted as part of the complaint or is necessarily relied upon by the complaint, as well as matters of public record. *Lee v. City of L.A.*, 250 F.3d 668, 688–89 (9th Cir.2001). Under Federal Rule of Evidence 201(b), a "judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." A court may "take judicial notice of undisputed matters of public record, including documents on file in federal or state courts." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir.2012), *internal citation omitted*.

US Bank requests the Court take judicial notice of true and correct copies of documents recorded in the property records of Pima County, Arizona. A number of Sanders's claims necessarily rely upon information contained within the property records and the Court may therefore consider these documents on this basis. *See Lee*, 250 F.3d at 688–89. Moreover, all of these documents are judicially noticeable matters of public record. Additionally, it is well established that a court may take judicial notice of a document not to credit the truth of the allegations or facts set forth therein, but rather only for the purposes of "noticing the existence" of the documents. *See McMunigal v. Bloch*, No. C 10–02765 SI, 2010 WL 5399219, at *2 (N.D.Cal. Dec. 23, 2010). The Court will grant the request for judicial notice.

V. *Securitization*

Courts have recognized that the securitization of a mortgage loan does not undermine a lender's right to foreclose on the mortgaged property. *See, e.g., Robertson v. Citibank, N.A.*, No. 12–cv–02996–JSW, 2013 WL 752491, at *3 (N.D.Cal. Feb. 27, 2013) ("The argument that parties lose their interest in a loan when it is securitized or assigned to a trust pool has been rejected by numerous courts."), *citing cases*; *McGough v. Wells Fargo Bank, N.A.*, No. 12–cv–00050–TEH, 2012 WL 2277931, at *4 (N.D. Cal.

June 18, 2012) ("[P]roper securitization does not give rise to a cause of action in California."); *Wadhwa v. Aurora Loan Servs., LLC*, No. 11–cv–01784–KJM, 2011 WL 2681483, at *4 (E.D.Cal. July 8, 2011) (rejecting plaintiffs' position that "the assignment of the note to a [REMIC] renders any interest in the property other than plaintiffs' somehow invalid"); *Hafiz v. Greenpoint Mortgage Funding, Inc.*, 652 F.Supp.2d 1039, 1043 (N.D.Cal.2009) (rejecting as "both unsupported and incorrect" plaintiff's argument that "defendants lost their power of sale pursuant to the deed of trust when the original promissory note was assigned to a trust pool"). However, "a borrower may assert a claim based on the allegedly improper securitization of a mortgage loan." *Sottile v. JP Morgan Chase Bank N.A.*, No. 13-CV-05909-WHO, 2014 WL 7139996, at *3, n. 3 (N.D. Cal. Dec. 12, 2014), *citations omitted*.

While "[m]any people in this country are dissatisfied and upset by [the securitization] process," *Duarte v. Bank of Am.*, No. CIV. 10-00372 JMS BM, 2011 WL 1399127, at *7 (D. Haw. Apr. 12, 2011), *citation omitted*, courts routinely "reject[] claims because they are based on an 'erroneous legal theory that the securitization of a mortgage loan renders a note and corresponding security interest unenforceable and unsecured.'" *Id*.

Sanders cites to *Martin v. Mahoney* in support of claims. Sur-Reply, p. 2 (Doc. 18). However, Sanders has not provided a citation for this case and has not set forth any basis why this apparent Scott County, Minnesota, decision would provide any controlling or persuasive authority to this Court. *See e.g., Corless v. Comm'r of Soc. Sec. Admin.*, 260 F. Supp. 3d 1172, 1174 (D. Ariz. 2017) ("district court is bound to apply the legal standards imposed by the law of this Circuit").

VI. *Non-Judicial Foreclosure Proceedings*

In his response to the Motion to Dismiss, Sanders asserts he is challenging Arizona's non-judicial foreclosure process as unconstitutional. As summarized by another judge in this district:

Plaintiff appears to argue that the power-of-sale clause authorizing a non-judicial foreclosure in the deed-of-trust is cognovit because non-judicial foreclosure does not allow for a hearing in a court of law. A non-judicial foreclosure, is, by definition, not a judicial proceeding, and a power-of-sale clauses does not allow a creditor to seek judgment against a debtor, but merely allow the creditor to obtain title to the collateral as a result of default. Accordingly, no judicial proceeding was contemplated or took place at which Plaintiff was denied notice or not permitted to appear. There was, then, no state action which might support a constitutional claim. Additionally, the facts asserted do not demonstrate in any way whatsoever that the deed-of-trust was a cognovit note.

*Earl v. Wachovia Mortg. FSB*, No. CV09-2198PHXMHM, 2010 WL 2336191, at *3 (D. Ariz. June 10, 2010; *see also Nieves v. World Sav. Bank, FSB*, 357 F. App'x 843, 844 (9th Cir. 2009) (dismissal was appropriate because plaintiff "failed to allege facts demonstrating that the defendants' conduct constituted government action sufficient to support a claim under section 1983 or *Bivens*").

VII. *Wrongful Foreclosure*

Sanders refers to this matter as a "Wrongful Foreclosure Lawsuit." Response, p. 1 (Doc. 10). Arizona does not currently recognize a wrongful foreclosure cause of action. *Zubia v. Shapiro*, 408 P.3d 1248, 1253 (Ariz. 2018). Even if Arizona did recognize such a cause of action, Sanders has failed to allege he has "tendered the amount of the secured indebtedness or was excused from tendering[,]" as would be required under such a claim. *Id*.

Moreover, to the extent Sanders argues in his sur-reply that there was a lack of consideration for the contract between the parties, the Court disagrees. This argument appears to rely on a "vapor money" theory. "Proponents of the vapor money theory, including [Sanders], argue that mortgages are not enforceable because banks do not actually loan money." *Vollmer v. Present*, No. CV 10-1182-PHX-MHM, 2011 WL 11415, at *6 (D. Ariz. Jan. 4, 2011). Courts in this circuit have consistently rejected this theory. *See, e.g., Curten v. New Penn Fin., LLC*, No. 218CV0965TLNKJNPS, 2018 WL 4090602, at *4 (E.D. Cal. Aug. 27, 2018), report and recommendation adopted, No. 218CV00965TLNKJN, 2018 WL 5094990 (E.D. Cal. Sept. 21, 2018); *Kuder v.*

1   *Washington Mutual Bank*, 2009 WL 2868730, *3 and n. 5 (E.D.Cal. Sept.2, 2009)

2   ("[Plaintiff's claims are premised on the so-called 'vapor  money' theory which has been

3   consistently rejected by federal courts as frivolous."); *Rodriguez v. Summit Lending*

4   *Solutions, Inc. et al.*, 2009 WL 1936795 at *2 (S.D.Cal. July 7, 2009) ("One of Plaintiffs'

5   central claims is that the underlying loan is unenforceable because the bank did not issue

6   'legal tender' to the borrower. As discussed by [Defendant] in its motion to dismiss, this

7   'vapor money' theory has been uniformly rejected as frivolous by the courts.")

8

9   VIII. *Count I:  Lack of Standing*

10          Sanders alleges Defendants do not have the right to foreclose on the Property

11   because each have failed to perfect a security interest in the Property and did not comply

12   with the terms of their own securitization requirements.  US Bank asserts the non-judicial

13   foreclosure statutes of Arizona do not require it to prove its authority before commencing

14   a non-judicial foreclosure.  *Hogan v. Washington Mut. Bank, N.A.*, 277 P.3d 781, 782

15   (Ariz. 2012), as amended (July 11, 2012).  Defendants assert has failed to state a clam

16   upon which relief may be granted and seeks dismissal of all claims.

17          As summarized by another judge in this district:

18          Arizona does not burden a lender or beneficiary to produce the original note (or
            any other documents) before proceeding with a non-judicial foreclosure. *See*
19          [*Standish v. Encore Credit Corp.*, No. CV-13-01819-PHX-DGC, 2014 WL
            232021, at *3 (D. Ariz. Jan. 22, 2014)] (citing *Hogan*, 277 P.3d at 782 (holding
20          that compliance with Arizona's statutes authorizing non-judicial foreclosure
            requires a trustee only to record an instrument demonstrating it was the successor
21          in interest to the original trustee); *Hensley v. Bank of N.Y. Mellon*, No.
            CV-12-01248-PHX-JAT, 2013 WL 791294, at *5 (D. Ariz. Mar. 4, 2013) (holding
22          a beneficiary under a deed of trust is not obligated to "show ownership or
            otherwise document its right to enforce" the note before a non-judicial
23          foreclosure).  Courts routinely hold that such "show me the note" arguments lack
            merit. *See Diessner v. Mortgage Elec. Registration Sys.*, 618 F. Supp. 2d 1184,
24          1187 n.15 (D. Ariz. 2009) (listing cases).

25   *Barrington Investments of Arizona LLC v. US Bank Nat'l Ass'n*, No. CV-19-05084-

26   PHX-SMB, 2020 WL 2559921, at *5 (D. Ariz. May 20, 2020).  In other words, simply

27   because a party challenges the ownership of a promissory note does not mean "the

28   foreclosing party must prove it and either produce the note or provide other evidence

establishing its right to foreclose." *Id.* In fact, the Supreme Court of Arizona has stated:

> [I]t is sufficient that a sale is "noticed by a trustee who had recorded an instrument demonstrating that it was a successor in interest to the original trustee." [*Hogan*, 277 P.3d at 783]. "[T]he deed of trust statutes impose no obligation on the beneficiary to 'show the note' before the trustee conducts a non-judicial foreclosure." *Id.* *See also Zadrozny v. Bank of New York Mellon*, 720 F.3d 1163, 1168 (9th Cir. 2013) ("Arizona law does not require possession of the note to effectuate a non-judicial foreclosure.").

*Medrano v. Carrington Foreclosure Servs. LLC*, No. CV-19-04988-PHX-DWL, 2019 WL 6219337, at *7 (D. Ariz. Nov. 21, 2019). Contrary to Sanders's assertion, Defendants complied with Arizona's requirements for non-judicial proceedings by executing and recording a notice of sale which had been executed by the substitute trustee. *See*, A.R.S. § 33-808; Motion to Dismiss, Ex. 7, Notice of Sale (Doc. 5-8).

Sanders also asserts US Bank does not have the authority to foreclose because its charter limits the powers and duties of Mortgage Electronic Registration Systems, Inc. ("MERS") to function as an electronic registration system. Sanders alleges that, "to perfect the transfer of mortgage papers as collateral for a debt, the owner should physically deliver the note to the transferee." Complaint, p. 13 (Doc. 1). Sanders relies on California cases in support of his assertion. *See Kelly v. Upshaw*, 39 Cal. 2d 179, 192 (1952); *Polhemus v. Trainer*, 30 Cal. 685, 688 (1866); *Johnson v. Razey*, 181 Cal. 342, 344, 184 P. 657 (1919). However, these cases concern assignment, not securitization, of debt. Indeed:

> To the extent that Plaintiff is arguing that [the bank] does not have the authority to foreclose because the Note and DOT were split upon the purported securitization, such argument is foreclosed by the well-established principle "that a deed of trust is a mere incident of the debt it secures and that an assignment of debt carries with it the security." [*Domarad v. Fisher & Burke, Inc.*, 270 Cal. App. 2d 543, 553 (1969)] (internal quotations omitted). "[A] deed of trust has no assignable quality independent of the debt, it may not be assigned or transferred apart from the debt, and an attempt to assign the deed of trust without a transfer of the debt is without effect." *Id.*

*Foulkrod v. Wells Fargo Fin. California, Inc.*, No. CV 11-732-GHK (AJWX), 2012 WL 13008150, at *3 (C.D. Cal. Nov. 28, 2012). Indeed, the "splitting" of the Note and the Deed does not make nonjudicial foreclosure provisions in a deed of trust unenforceable. *See, e.g., In re Mortg. Electronic Registration Sys., Inc.*, 754 F.3d 772, 784 (9th Cir.

2014) (deed of trust does not necessarily need to be attached to an underlying note for a trustee to foreclose on the security interest that secures the notes' debt); *see also Buchna v. Bank of Am., NA*, 478 F. App'x 425, 425-26 (9th Cir. 2012) (argument that nonjudicial foreclosure provisions in a deed of trust were unenforceable because the note and deed of trust were split failed to state a claim because it was based on nothing more than conclusory speculation that the parties exercising power under the deed of trust were not the noteholder or agents of the noteholder);

In this case the attachments to the Complaint and the judicially noticed documents do not support Sanders's conclusory allegations that Defendants are without authority to conduct a trustee sale. Rather, the Deed, agreed to by Sanders, provided that MERS was the original lender's nominee, MERS was the beneficiary of the deed, and MERS held legal title as well as the right to exercise any of lender's interests under the deed of trust (including the right to foreclose). Complaint, Ex. A, p. 3 (Doc. 1-1). Moreover, the Assignments of the Deed shows that the interest in the Deed was properly assigned, ultimately, to US Bank. Motion to Dismiss, Exs. 2-6 (Doc. 5-3 - 5-7).

Moreover, courts have recognized the enforceability of MERS deeds of trust and the right of an assignee of MERS' interests to foreclose as a deed of trust beneficiary, as nominee for a lender. *See e.g., Thomas v. Ally Bank*, No. 1 CA-CV 17-0066, 2017 WL 6616620, at \*2 (Ariz. Ct. App. Dec. 28, 2017) (deed of trust identified MERS as the nominee and beneficiary); *Silvas v. GMAC Mortg., LLC*, No. CV-09-265, 2009 WL 4573234, \*8, \*14 (D. Ariz. Dec. 1, 2009) (summarily dismissing with prejudice complaint alleging MERS was not a qualified DOT beneficiary); *Blau v. Am.'s Servicing Co.*, No. CV-08-773, 2009 WL 3174823, \*5-\*8 (D. Ariz. Sept. 29, 2009) (holding "MERS is explicitly referred to [in the DOT] as the beneficiary," and MERS' assignee "thereby became the beneficiary" with authority to initiate trustee's sale and dismissing with prejudice complaint challenging the validity of MERS assignments).

As another district court has stated:

"[N]umerous cases in this Court, the Ninth Circuit, and Arizona have held that

1
2
3
4

> MERS may assign a deed of trust that leads to a trustee's sale.  The [c]ourt cannot disregard this authority merely because *Erickson* recognized a possible theory that MERS is not a statutory beneficiary." *Bayer v. Nationstar Mortgage LLC*, Case No. CV-15-02430-PHX-DGC, 2017 WL 1133023, at *6 (D. Ariz. March 27, 2017).  As the *Bayer* court observed "[i]t is well established that MERS may serve as a beneficiary of an Arizona trust deed in a nominee capacity, and that MERS may validly assign its interest in a Deed of Trust." *Id*. at *5.

5   *Gardner v. Nationstar Mortg., LLC*, 258 F. Supp. 3d 956, 968 (D. Ariz. 2017).  Indeed,

6   Sanders's "efforts to characterize MERS as not a 'true' beneficiary is unhelpful. That

7   characterization is inconsistent with the terms of [Sanders's] Deed of Trust." *Id.*

8       Sanders has not alleged an improper securitization; rather, he is attacking the

9   securitization process itself.  The Court finds Sanders has failed to state a claim upon

10  which relief can be granted.  Further, in light of the applicable authority, a more carefully

11  drafted complaint cannot state a claim for lack of standing.  The Court will dismiss this

12  claim without leave to amend.

13

14  IX.  *Count II:  Fraud in the Concealment and Count III:  Fraud in the Inducement*

15      Sanders alleges Defendants concealed the fact the loans were securitized as well

16  as the terms of the securitization agreements; Sanders also alleges Defendants

17  misrepresented to Sanders that Defendants were entitled to exercise the power of sale

18  provision contained in the Deed, i.e., that they were the holder and owner of the Note.

19  US Bank argues Sanders's fraud claims fail to state a claim upon which relief may be

20  granted because they are based on securitization and have not been pleaded with

21  particularity.

22      As stated by another judge in this district:

23      Arizona law requires proof of nine elements to establish fraud:

24
25
26

> (1) A representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; [and] (9) his consequent and proximate injury.

27      *Nielson v. Flashberg*, 101 Ariz. 335, 419 P.2d 514, 517–18 (1966).

28  *Scovil v. Medtronic, Inc.*, 995 F. Supp. 2d 1082, 1097 (D. Ariz. 2014).  Additionally,

fraud claims must be alleged with particularity.  Fed.R.Civ.P. 9(b); *see also* , *Lal v. Am. Home Servicing, Inc.*, 680 F .Supp.2d 1218, 1221 (E.D.Cal.2010) (a pleading sufficient under Rule 9(b) must  identify the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations; such facts may include the times, dates, places, benefits received, and other details of the alleged fraudulent activity).

Here, Sanders does not set forth his fraud claims with particularity.  He has failed to specifically allege the who, what, when, where, and how of the alleged misconduct. Rather, he has lumped all Defendants together and conclusorily allege they concealed and misrepresented facts.  Sanders in no way identifies the specific defendants and specific instances of alleged fraudulent conduct in a manner that comports with Rule 9(b)'s specificity requirements.

As to Sanders's claim of fraud in the inducement, which is premised on the conclusory allegation that Defendants misrepresented that they had the right to foreclose under the Deed, Sanders fails to state a cognizable fraud claim.  Sanders has not pointed to any authority which permits a general challenge to the authority of an entity to foreclose on a deed of trust, absent a specific factual basis that demonstrates no authority, under Arizona law.  Indeed, the Deed states:

> [T]he loan or a partial interest in it "can be sold one or more times without prior notice to Borrower," but that "[i]f there is a change in Loan Servicer, Borrower will be given written notice of the change" as required by consumer protection laws. Finally, the deed indicates that MERS has "the right to foreclose and sell the property." By signing the deeds of trust, the plaintiffs agreed to the terms and were on notice of the contents.

*Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1042 (9th Cir. 2011); *see also* Complaint, Ex. A, pp. 11 (Doc. 1-1).  Sanders's allegations fail to show the Deed was unassignable and fails to provide a factual basis demonstrating Defendants did not have such authority.  *See Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009) (the court is "not ... required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual

allegations").  Because the alleged facts show Defendants did have the right to initiate foreclosure proceedings, the factual allegations fail to plausibly support Sanders's claim that Defendants misrepresented their right to do so.  Accordingly, Sanders's fraud in the inducement claim fails as a matter of law.

As to the alleged fraud in the concealment claim, Sanders cannot, as a matter of law, establish he suffered damages as a result of the alleged concealment. "[S]ecuritization merely creates a separate contract, distinct from plaintiff['s] debt obligations under the note and does not change the relationship of the parties in any way." *Reyes v. GMAC Mortgage LLC*, 2011 WL 1322775, at *3 (D. Nev. Apr. 5, 2011) (dismissing fraud claim based on defendant's failure to disclose securitization of plaintiffs' home loans because securitization did not alter the parties' relationship in any way). Therefore, the parties' rights and obligations regarding the Property mortgage loan were not impacted in any meaningful manner by the fact that the loan was securitized or the terms of the separate agreement underlying that securitization.  The mere fact that Defendants allegedly concealed information concerning securitization of the loan could not have caused the damages Sanders allege.  Rather, Sanders has failed to allege a causal connection between the concealment and the damages alleged in the Complaint. *Fridenmaker v. Valley Nat. Bank of Arizona*, 23 Ariz. App. 565, 569, 534 P.2d 1064, 1068 (1975) (actionable fraud requires a proximate injury).  Sanders's claim for fraud in the concealment is without merit as a matter of law.  Moreover, as previously discussed, Sanders has failed to allege a claim based on securitization.  Dismissal without leave to amend these claims for this reason is appropriate.

While a more carefully drafted complaint may purport to a state a claim with particularity, because the claims themselves are based on a securitization theory which fails as a matter of law, dismissal without leave to amend is appropriate. *See e.g. Ordono v. U.S. Bank Nat'l Ass'n*, No. 14–cv–00774–JD, 2014 WL 3610952, *3 (N.D. Cal. Jul. 21, 2014) (dismissing all eleven of plaintiff's causes of action as they all improperly depended on plaintiff's "attacks to the securitization process and the allegedly improper

1  assignments of her note or deed of trust").

2

3  X.  *Count IV:  Intentional Infliction of Emotional Distress*

4       Sanders alleges Defendants intentionally, knowingly, and recklessly
5  misrepresented to him that they were entitled to exercise the sale provision of the Deed
6  and fraudulently attempted to foreclose on the Property.  Sanders alleges the conduct is
7  so outrageous and extreme that it exceeds all bounds which are usually tolerated in a
8  civilized community.  US Bank asserts Sanders has failed to state a claim for intentional
9  infliction of emotional distress.

10      "A plaintiff suing for intentional infliction of emotional distress must prove the
11  defendant caused severe emotional distress by extreme and outrageous conduct
12  committed with the intent to cause emotional distress or with reckless disregard of the
13  near-certainty that such distress would result."  *Watkins v. Arpaio*, 367 P.3d 72, 74–75
14  (Ariz. Ct. App. 2016); *Citizen Publishing Co. v. Miller*, 115 P.3d 107, 111 (2005); *Wells*
15  *Fargo Bank v. Arizona Laborers, Teamsters, and Cement Masons Local No. 395 Pension*
16  *Trust Fund*, 38 P.3d 12 (Ariz. 2002) (discussing difference between negligent and
17  intentional torts).  "The trial court determines whether the alleged acts are sufficiently
18  extreme and outrageous to state a claim for relief."  *Wallace v. Casa Grande Union High*
19  *Sch. Dist. No. 82 Bd. of Governors*, 909 P.2d 486, 495 (Ariz. Ct. App. 1995); Restatement
20  (Second) of Torts § 46, comment h.

21      As previously discussed, the alleged facts show Defendants did have the right to
22  initiate foreclosure proceedings and fail to plausibly support Sanders's claim that
23  Defendants misrepresented their right to do so.  Because Defendants were authorized
24  under the Deed to foreclose on the property, the Court finds Defendants's conduct was
25  not extreme and outrageous conduct.  Dismissal of this claim without leave to amend is
26  appropriate.

27

28

XI. *Count V:  Slander of Title*

Sanders asserts Defendants disparaged Sanders's exclusive valid title by and through the preparing, posting, publishing, and recording of documents.  He alleges Defendants knew or should have known the documents were improper because they had no right, title, or interest in the Property.  US Bank asserts Sanders has not adequately alleged malice, special damages, or facts showing falsity; further, Sanders has not adequately alleged he is the titleholder free of US Bank's Deed or that he did not default on the loan.

In Arizona:

> The elements of slander of title . . . are the uttering and publication of the slanderous words by the defendant, the falsity of the words, malice and special damages. 50 Am.Jur.2d, Libel and Slander s 541, p. 1060 (1970).  Of these elements, malice has been said to be the gist of the action.  *Glieberman v. Fine,* 248 Mich. 8, 226 N.W. 669 (1929).  Thus a bona fide claim of title or comments on matters of public interest are generally held to be qualifiedly privileged and will defeat the action unless actual or express malice is shown.  *See, Kemart Corp. v. Printing Arts Research Lab, Inc.,* 269 F.2d 375 (9th Cir., 1959), and *Sinclair Refining Co. v. Jones Super Service Station*, 188 Ark. 1075, 70 S.W.2d 562 (1934).

*City of Tempe v. Pilot Properties, Inc.*, 22 Ariz. App. 356, 363, 527 P.2d 515, 522 (1974);[5] *Snyder v. HSBC Bank, USA, N.A.*, 913 F.Supp. 2d 755, 770 (D. Ariz. 2012).

While Sanders conclusorily alleges malicious intent, he fails to allege any facts in support of this allegation.  Further, Sanders has failed to allege any facts that support a claim of falsity.  Rather, the documents attached to the Complaint and the judicially noticed documents do not show Sanders is a titleholder free of US Bank's Deed or that Sanders did not default on the loan.  Sanders has failed to allege facts to support his assertions that documents were false, assignments were invalid, or any Defendant acted maliciously.  *SWC Baseline & Crismon Inv'rs, L.L.C. v. Augusta Ranch Ltd. P'ship*, 265 P.3d 1070, 1086 (Ct. App. 2011).  The Court finds dismissal of this claim without leave

---

[5]Federal courts follow the decisions of intermediate state appellate courts when applying state law absent convincing evidence state supreme court would decide differently.  *Ryman v. Sears, Roebuck & Co.*, 505 F.3d 993, 994 (9th Cir. 2007); *Cmty. Nat. Bank v. Fid. & Deposit Co. of Maryland*, 563 F.2d 1319, 1321 n. 1 (9th Cir. 1977), *citations omitted*.

1    to amend is appropriate.

2

3    **XII.  *Count VI:  Quiet Title***

4        Sanders alleges neither Defendants nor any parties to the securitization process

5    hold a perfected and secured claim in the property.  Sanders asserts, therefore, Defendants

6    and others should be permanently enjoined from asserting an adverse claim to Sanders's

7    title to the Property.  US Bank asserts Sanders has failed to adequately state a claim upon

8    which relief may be granted.

9        As stated by another judge of this district:

10       Plaintiff's action is for quiet title.  Plaintiff fails to state a claim upon which relief
         can be granted for four reasons.  First, Plaintiff fails to plead the elements of a
11       quiet title action.  A.R.S. § 12-1102; *Lavidas v. Smith*, 987 P.2d 212, 218 (Ariz.
         Ct. App. 1999) (Plaintiff must allege he possesses title to the property, the
12       defendant claims an adverse interest, and it would be inequitable to let the
         defendant's interest stand).  Second, Plaintiff does not have standing to challenge
13       a valid assignment of interest between third parties.  *In re Mortgage Electronic
         Registration Systems (MERS) Litigation*, CV 10-1547-PHX-JAT, 2012 WL
14       932625, at *3 (D. Ariz. Mar. 20, 2012).  Third, Plaintiff's allegations are directly
         contradicted by the Deed of Trust, on which Plaintiff relies.  *Steckman v. Hart
15       Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998) (the Court is "not required
         to accept as true conclusory allegations which are contradicted by documents
16       referred to in the complaint").  Fourth, Plaintiff cannot bring a quiet title action
         under A.R.S. § 12-1101 because he has not paid off his mortgage in full.  *Daghlan
17       v. TBI Mortg. Co.*, CV-12-01415-PHX-NVW, 2013 WL 179452 (D. Ariz. Jan. 17,
         2013).  As such, Plaintiff has failed to plead "sufficient factual matter, accepted
18       as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S.
         at 678 (*Twombly*, 550 U.S. at 570).

19
     *Reyes v. Bank of Am.*, No. CV-13-00283-PHX-ROS, 2013 WL 12099996, at *1 (D. Ariz.
20
     Mar. 20, 2013).  Similarly, Sanders has not adequately alleged he "possesses title to the
21
     property nor shows a readiness to pay off his loan."  *Russell v. OneWest Bank*, FSB, No.
22
     CV 11-01463-PHX-FJM, 2011 WL 5007958, at *2 (D. Ariz. Oct. 20, 2011).  When
23
     Sanders executed a promissory note, which was secured by the Deed, for the amount
24
     borrowed, the Deed passed legal title to the trustee.  *Id.* ("In Arizona, a deed of trust
25
     passes legal title to the trustee."), *citations omitted*.  In other words, the alleged facts and
26
     attached documents show Sanders, as trustor, does not hold title to the Property.  This
27
     claim will be dismissed without leave to amend.
28

1   XIII.  *Count VII:  Declaratory Relief*

2       Sanders asserts that, because he asserts Defendants do not have the authority to

3   foreclose upon and sell the Property while Defendants claim they do have such authority,

4   a controversy exists between the parties.  Sanders, therefore, seeks declaratory relief

5   regarding the rights, obligations, and interests of the parties as to the Property.

6       The Court agrees with US Bank that this claim is derivative of Sanders's principal

7   claims relying on improper securitization.  Sanders's request for declaratory relief does

8   not have an independent basis.  *See e.g. Hall v. Bank of New York Mellon*, 746 F. App'x

9   627, 629 (9th Cir. 2018) (where plaintiff's claims were properly dismissed, request for

10  declaratory relief was appropriately dismissed); *Stock West, Inc. v. Confederated Tribes*

11  *of the Colville Res.*, 873 F.2d 1221, 1225 (9th Cir. 1989).  Dismissal without leave to

12  amend of this claim is appropriate.

13

14  XIV. *Count VIII:  Violation of TILA and Count X:  Rescission*

15      Sanders alleges Defendants violated the Truth in Lending Act ("TILA") by failing

16  to provide him with accurate material disclosures.  He alleges Defendants did not take

17  into account the intent of the legislature which was to inform home buyers of the "pros

18  and cons of adjustable rate mortgages in a language (both written and spoken) that they

19  can understand and comprehend; and advise them to compare similar loan products with

20  other lenders."  Complaint, p. 21 (Doc. 1).  Sanders also alleges he is entitled to rescind

21  the loan based on Defendants' conduct.  US Bank asserts Sanders's TILA claim is time-

22  barred by the one-year statue of limitations.  15 U.S.C. § 1640(e).  US Bank further

23  argues Sanders' rescission claim is barred by TILA's three year statute of repose.  *Beach*

24  *v. Ocwen Fed. Bank*, 523 U.S. 410 (1998).

25      TILA's purpose is to "protect consumers' choice through full disclosure and to

26  guard against the divergent and at times fraudulent practices stemming from uninformed

27  use of credit."  *King v. California*, 784 F.2d 910, 915 (9th Cir.1986).  Sanders

28  conclusorily alleges Defendants did not provide him with required disclosures.  However,

1    he does not specify which Defendant or which documents were not in compliance with

2    TILA.  In other words, he has not alleged any facts to state a claim that any Defendant did

3    not make disclosures which it was required to make, any disclosures by a Defendant were

4    untimely, or any disclosures that were provided were misleading.  *See generally Rubio*

5    *v. Capital One Bank*, 613 F.3d 1195 (9th Cir. 2010).

6        As to US Bank's assertion Sanders's TILA claim is barred by the one year statute

7    of limitations, Sanders asserts the statute of limitations was tolled by "Defendants' failure

8    to effectively provide the required disclosures and notices."  Complaint, p. 22 (Doc. 1).

9    As stated by US Bank, a TILA action to recover damages must be brought within one

10   year.  15 U.S.C. § 1640(e); *Miguel v. Country Funding Corp.*, 309 F.3d 1161 (9th Cir.

11   2002);  *Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001 (9th Cir. 2008).  Here, the loan

12   transaction was alleged to have occurred on or about February 26, 2007.  Sanders has not

13   stated what disclosures and notice were not provided to him such that he can demonstrate

14   that, "despite all due diligence, [Sanders was] unable to obtain vital information bearing

15   on the existence of the claim."  *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d

16   1034, 1045 (9th Cir. 2011), *citation omitted*; *see also Cross v. Hamilton Mortg. Co.*, No.

17   CV-14-01586-TUC-RCC, 2014 WL 11631716, at *4 (D. Ariz. June 13, 2014).  This claim

18   is time-barred and the statute of limitations defense is complete and obvious on the face

19   of the Complaint, attached documents, and the Court's own records.  *See Franklin v.*

20   *Murphy*, 745 F.2d 1221, 1228-30 (9th Cir. 1984) (*sua sponte* dismissal under 28 U.S.C.

21   § 1915); *see also Pisciotta v. Teledyne Industries, Inc.*, 91 F.3d 1326, 1331 (9th Cir.

22   1996) (court may grant a motion to dismiss based on the running of the statute of

23   limitations "only if the assertions in the complaint, read with the required liberality,

24   would not permit the plaintiff to prove that the statute was tolled").  Dismissal without

25   leave to amend of this claim is appropriate.

26       Additionally, the Court agrees with US Bank that a claim for rescission under

27   TILA must be brought within three years of the date the loan was consummated.  15

28   U.S.C. §§ 1635(f); *McOmie-Gray v. Bank of Am. Home Loans*, 667 F.3d 1325, 1329 (9th

Cir. 2012) (Section 1635(f) is not merely a statute of limitations, it is a "statute of repose" that "completely extinguishes the underlying right itself."), *abrogated on other grounds*. The Court will dismiss this claim without leave to amend.

XV:  *Count IX:  Violation of RESPA*

Sanders alleges Defendants violated the Real Estate Settlement Practices Act ("RESPA") because the interest and income gained by Defendants is disproportionate to Sanders's situation and Defendants failed to disclose they would gain a financial benefit while Sanders would suffer financially as a result of the loan product sold to Sanders.  US Bank asserts Sanders appears to referring to the original loan and the Complaint does not allege US Bank was involved in the origination of the loan.  US Bank also asserts Sanders's claim is barred by RESPA's three year statute of limitations.

The stated Congressional purpose of RESPA is to "insure that consumers . . . are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charge[s]."  12 U.S.C. § 2601(a); *see also* 17 Am.Jur.2d Consumer Protection § 228 (2010).  Sanders alleges:

> No separate fee agreements, regarding the use of "Chase Bank Cost of Savings" as the Index for the basis of this loan, [d]isclosures of additional income due to interest rate increases or the proper form and procedure in relation to the Borrower's Rights to Cancel were provided.

Complaint, p. 23 (Doc. 1).  However, Sanders does not specify which provision mandates the disclosure of a document he alleges he should have received.

Moreover, Sanders has not alleged actual damages caused by the asserted RESPA violation.  12 U.S.C. § 2605(f)(1)(A) ("Whoever fails to comply with this section shall be liable to the borrower … [for] any actual damages to the borrower as a result of the failure …"); *Vega v. JPMorgan Chase Bank, N.A.*, 2009 WL 2731039 (E.D.Cal. 2009) ("alleging a breach of RESPA duties alone does not state a claim under RESPA. Plaintiffs must, at a minimum, also allege that the breach resulted in actual damages.").

Rather, Sanders merely alleges he has been damaged by an amount not yet ascertained. The Court finds Sanders, having failed to allege actual damages, has failed to state a claim upon which relief may be granted. *See e.g., Martini v. JPMorgan Chase Bank, N.A.*, 634 Fed. Appx. 159 (6th Cir. 2015) (damaged credit scores, damaged reputations, and inability to obtain a home mortgage for seven years, were due to their inability to pay their mortgage, not mortgage assignee's alleged violation of RESPA); *Whittier v. Ocwen Loan Servicing, L.L.C.*, 594 Fed. Appx. 833 (5th Cir. 2014) (attorneys' fees and litigation expenses incurred by mortgagors did not satisfy actual damages requirement of their RESPA claim against loan servicer); *Wirtz v. JPMorgan Chase Bank, N.A.*, 185 F. Supp. 3d 1140 (D. Minn. 2016) (eighty dollar fee incurred to obtain bank statements was a direct result of loan servicer's RESPA violation).

Additionally, the Court agrees with US Bank that this claim is barred by the statute of limitations and Sanders has not shown he is entitled to tolling. The Court finds dismissal of this claim without leave to amend is appropriate.

XVI. *Notice of Joinder* (Doc. 19), *Motion to Quash Service and Joinder to Motion to Dismiss* (Doc. 22) and *Motion for Discovery* (Doc. 32)

The Court has determined dismissal of all claims without leave to amend is appropriate. The Court, therefore, will dismiss these motions as moot.

Accordingly, IT IS ORDERED:

1.     The Motion to File Last Page of Lawsuit (Doc. 17) is GRANTED.

2.     The Motion to Dismiss Plaintiff's Complaint (Doc. 5) is GRANTED. The Complaint and all claims alleged within it are DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND against all Defendants.

3.     The Motion for Extension of Time to File an Answer (Doc. 6), Notice of Joinder (Doc. 19), Motion to Quash Service and Joinder to Motion to Dismiss (Doc. 22), and Motion for Discovery (Doc. 32) are DISMISSED AS MOOT.

4.      The Clerk of Court shall enter judgment and shall then close its file in this matter.

DATED this 23rd day of June, 2020.

_____
Cindy K. Jorgenson
United States District Judge